**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4553**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DANIEL DONDREKUS JOHNSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:11-cr-02354-HMH-1)

Submitted: March 30, 2016           Decided: April 28, 2016

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Dondrekus Johnson appeals the district court's judgment revoking his supervised release and sentencing him to two years in prison. Johnson's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court procedurally erred in sentencing him to 24 months in prison. Johnson has filed a pro se supplemental brief raising the issues of whether his counsel was ineffective and whether the district court erred in finding that he committed new criminal conduct in beating his ex-girlfriend and that he lied about it at his revocation hearing. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We review the district court's factual findings underlying a revocation for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). To revoke supervised release, a district court need only find a violation of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United

2

States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (citation and internal quotation marks omitted).

We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise "plainly unreasonable." Padgett, 788 F.3d at 373 (citation omitted). The district court retains broad discretion to impose a term of imprisonment up to the statutory maximum. Id. (citations and quotation marks omitted).

Only if the revocation sentence is unreasonable must we assess whether it is plainly so. Id. (citation omitted). In determining whether a revocation sentence is unreasonable, we are informed by the same procedural and substantive considerations that guide our review of original sentences but we strike a more deferential appellate posture. Id. (citations and quotation marks omitted). While the district court must explain its sentence, it "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

"It is well established that a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014)

3

(citation and internal quotation marks omitted). "Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255." Id.

We have reviewed the record and conclude that the district court did not clearly err in finding that Johnson committed new criminal conduct in beating his ex-girlfriend and that he lied about it at his revocation hearing. We further conclude his sentence is reasonable, and the district court did not abuse its discretion in revoking his supervised release and sentencing him to the statutory maximum. Finally, we conclude the record does not conclusively show ineffective assistance, and Johnson's claim should be raised, if at all, in a 28 U.S.C. § 2255 motion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED